UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JAMES BELANGER,**
an individual,                                             Case No.:
                                                           Honorable:
      Plaintiff,
-vs-

**BETTER MADE SNACK FOODS, INC.,**
a domestic profit corporation,

      Defendants.
_____/
THE SHARP FIRM, PLLC
Attorneys for Plaintiff
BY: Heidi T. Sharp (P 69641)
43260 Garfield Road, Suite 280
Clinton Township, MI 48038
(586) 226-2627
heidi@sharpfirmlaw.com
_____/

# COMPLAINT AND JURY DEMAND

James Belanger ("Belanger" or "Plaintiff") states the following for his Complaint against Better Made Snack Foods, Inc. ("Defendant").

1. At all relevant times, Better Made Snack Foods was and is a registered business, conducting business in the City of Detroit, Wayne County, State of Michigan.

1

2. At all relevant times, Belanger was employed by Defendant Better Made Snack Foods.

3. Belanger is a resident of the State of Michigan, County of Macomb.

4. This court has jurisdiction pursuant to the Americans with Disabilities Act, 42 USC 12101, et seq.

## GENERAL ALLEGATIONS

5. Plaintiff incorporates the preceding paragraphs by reference as if fully restated herein.

6. Plaintiff began employment with Defendant in or about December 2018.

7. During the hiring process, Plaintiff received a physical examination and was cleared to begin work.

8. Plaintiff performed the duties of a factory maintenance worker.

9. Plaintiff performed his duties for several weeks after his hiring and was praised by his supervisors for his punctuality and dedication to his work.

10. On or about January 2, 2019, Plaintiff was called into the Human Resources Director's office, where he was informed that his drug test results revealed that he had tested positive for methadone and that his employment was terminated as a result.

11. Plaintiff is a recovering substance abuser and had been in treatment for one year at the time of his hiring; he was prescribed methadone by his doctor to aid in his recovery.

12. Plaintiff explained to the director that the methadone had been prescribed to him by his doctor as part of his treatment and that he had medical documentation stating same and offered to show it to her.

13. Defendant said that it did not matter whether Plaintiff had a prescription and stated that it was the same as if he was still doing illegal drugs, and that they could not employ anyone under the influence of such substances.

14. Defendant expressed that they were disappointed to have to terminate Plaintiff, as he was a good worker, and encouraged him to reapply with the company in the future if he ever stopped using methadone.

15. Plaintiff's termination has negatively impacted his recovery and overall well-being.

16. Plaintiff was illegally terminated from the company in violation of the Americans with Disabilities Act as amended.

## COUNT I–VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AS AMENDED

17. Plaintiff incorporates the preceding paragraphs by reference.

18. Plaintiff is a person within the meaning of Section 101(7) of the Americans with Disabilities Act as Amended (ADAAA), 42 USC 12111(7).

19. Defendant meets the requirements for employer status under the ADAAA. 42 USC 12111(5)(a).

20. At all relevant times, Plaintiff was an individual with a disability within the meaning of section 3(2) of the ADAAA. 42 USC 12102(2).

21. Specifically, Plaintiff had a physical impairment that substantially limited one or more of his major bodily functions, had a record of the impairment, and was regarded by Defendant as having the impairment.

22. Plaintiff is a qualified individual with a disability as that term is defined in ADAAA, 42 USC 12111(8).

23. Plaintiff was in treatment for substance abuse. He was prescribed and took methadone according to his doctor's instructions. His treatment and use of a prescribed mediation are protected under the Americans with Disabilities Act as amended.

24. Plaintiff was illegally terminated because he had a disability and/or because Defendant perceived him to have a disability.

25. The termination of Plaintiff is an adverse employment action prohibited by law.

26. Defendant's conduct constitutes a violation of the ADAAA.

27.     Defendant conducted itself with malice or with reckless indifference to Plaintiff's federally protected rights.

28.     As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered lost wages, benefits, and loss of employment advancement opportunities.

29.     Plaintiff would not have been terminated by Defendant if he did not have a disability.

30.     As a direct and proximate cause of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of past and future earnings, earning capacity, loss of benefits and suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

Plaintiff respectfully request that this Honorable court:

A.  Award him lost wages and benefits, past and future, in whatever amount they are found to be entitled;

B.  Award him compensatory damages in whatever amount they are found to be entitled;

C.  Award him punitive and exemplary damages commensurate with the wrong and Defendants' ability to pay;

D.  Award him interest, costs, and actual attorney fees; and

E.  Award him any other equitable relief that this Honorable court deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff, through his attorneys, THE SHARP FIRM, PLLC, makes a demand for a trial by jury in the above-entitled matter.

Dated:  April 27, 2022                                  Respectfully submitted,

THE SHARP FIRM, PLLC

/s/ *Heidi T. Sharp*
By: Heidi T Sharp (P69641)
Attorney for Plaintiff
43260 Garfield Rd., Suite 280
Clinton Township, MI 48038
586-226-2627
heidi@sharpfirmlaw.com